# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

ANTONIO D. SANDERSON                                                PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:18CV-P35-CRS

DETECTIVE STEVEN HEALEY *et al.*                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Antonio D. Sanderson filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on the initial review of the action pursuant to 28 U.S.C. § 1915A. Upon review of the complaint, the Court will dismiss some of Plaintiff's claims and allow one of his claims to proceed for further development.

### I. SUMMARY OF ALLEGATIONS

Plaintiff was an inmate at the Todd County Detention Center when he filed the instant action and has since been released from incarceration. He sues the following Defendants: Detective Steven Healey; LMPD, which the Court presumes is the Louisville Metro Police Department; Police Chief Steve Conrad; "Louisville, Jefferson Co. Metro Gov."; District Attorney Mike Anderson; the Commonwealth of Kentucky; and Governor Matt Bevin. He sues Defendant Healey in both his individual and official capacities and sues all of the other individually named Defendants in their official capacities only.

Plaintiff alleges that on August 21, 2013, the LMPD "Metro Narcotics Unit/Viper Unit[,]" headed by Defendant Healey, intentionally violated his constitutional rights. He states that he first encountered detectives outside of his home as he was about to get on the elevator. He reports that he was placed in handcuffs and read his rights "[]as if I was being detained and not free to leave[]." Plaintiff states that he was then presented with two search warrants which

contained two different addresses – 140 North 4 Street #1442 and 140 North 4th Street #1342 in Louisville, Kentucky. Plaintiff states, "Neither of the two search warrants had an affidavit for search attached to them! Both were just the face of the search warrants!" Plaintiff asserts that the detectives "then searched both addresses and contraband was found on one of the premises." He states, "I was then taken to LMDC to be prosecuted. I then began the pre-trial process, and for several months an affidavit for search warrant was never presented in court, but still the prosecution maliciously persued a conviction (offering 22 yrs and PFO 1)." Plaintiff reports that the affidavit for the search warrant "was finally presented to the Court[]" on July 24, 2014. He maintains that the affidavit authorized the search of a third address, 140 North 4th Street #741 in Louisville, which "was never presented in any of the face warrants shown at the time of the incident on August 21, 2013." He states that the address authorized to be searched in the warrant was never searched and that neither of the two addresses which were searched were in fact authorized to be searched. He states, "The detectives knowingly and intentionally, illegally searched my . . . home without a legal search warrant."

Plaintiff asserts that nine detectives "abused their authority by becoming above the law and intentionally violating my 4th and 14th Amendment rights, by detaining me without an arrest warrant, and illegally searching two addresses that was never authorized to be conducted in a search." Plaintiff lists the names of nine officers and their badge numbers. He continues, "These nine detectives fabricated their information and misled the court to obtain a search warrant." He maintains that no timeframe was offered in connection with a tip given by a confidential informant and that no evidence or statements from the confidential informant were given to support the search conducted by the detectives.

Plaintiff states, "The 'manifest injustice' against me . . . 'was not the result of mere flaws in the judicial system,' but instead the product of a conspiracy by [LMPD]. These nine police officers . . . conspired together, and intentionally illegally seized my person, papers, property, and illegally searched my home, that led to the '527' days I spent unlawfully imprisoned . . . ." He further maintains that, because "'a suit against LMPD for a 4th Amendment violation,' has to be filed within 1 year from the date, the illegal search and seizure occurred[,]" it is "more than likely the reason the affidavit for search warrant was never presented to the court until approximately 1 year after the illegal search and seizure occured."

Plaintiff also maintains that during the court proceedings, prosecutors John J. Balenovich and Josh Porter and Defendant Healey "maliciously persued a conviction, that led to the stress, depression, and drug use, which led to me cutting the home incarceration bracelet from my ankle, and led to me being convicted for Escape 2nd." He continues, "Although the justice system functioned in the sense that all of the charges were eventually dismissed, the defendants nevertheless succeeded in manipulating the system, depriving me . . . of my life, and liberty as if I were wrongfully convicted."

Plaintiff asserts that Defendant LMPD "is the official capacity for []Detective: Steven Healey and the other 8 detectives that participated in the civil rights violation of my person. LMPD is responsible/liable for the proper training, conduct, and practices performed by these 9 detectives." Plaintiff also states that Defendant Conrad "serve[s] as Representative for LMPD and Chief of Police." In regards to Defendant Commonwealth of Kentucky, Plaintiff states that "'District Attorney: Andy Beshear'" is "responsible/liable for any and all U.S. constitutional violations caused by government officials, and any and all official authorities it is subordinate to." Plaintiff makes similar claims of liability on the part of the separately listed "State of

Kentucky" and Defendants Bevin, "Louisville, Jefferson Co. Metro Gov.," and Anderson. He further states that Defendant Healey is "the arresting officer, and the affiant in the illegal search warrant that led to U.S. constitutional rights violation, malicious prosecution, and unlawful imprisonment of my person."

Plaintiff next sets out the following seven numbered claims: (1) violation of the Fourth Amendment; (2) violation of the Fifth Amendment; (3) violation of the Eighth Amendment; (4) violation of the Fourteenth Amendment; (5) malicious prosecution; (6) unlawful imprisonment; and (7) "Theft by Unlawful Taking over $8,000." The Court will summarize Plaintiff's allegations supporting each claim below.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of an order to "cease and desist the constitutional violations caused upon my person (past/present/future) by [LMPD], and any and all official authority it is subordinate to." He also requests that Defendant Healey be fired from LMPD.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. State defendants

##### 1. *Commonwealth of Kentucky*[1]

To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* 42 U.S.C. § 1983. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, Plaintiff fails to state a cognizable claim against the Commonwealth of Kentucky.

Additionally, the Eleventh Amendment[2] acts as a bar to all claims for relief against the Commonwealth of Kentucky. A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign

---

[1] In several instances in the complaint, Plaintiff suggests that he intends to sue the Commonwealth of Kentucky and the State of Kentucky as two separate entities. They are in fact the same entity, and the Court will refer to it as the Commonwealth of Kentucky herein.

[2] The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

Therefore, Plaintiff's action against the Commonwealth of Kentucky will be dismissed for failure to state a claim upon which relief can be granted and for seeking relief from a defendant who is immune from such relief.

### 2. *Defendants Anderson and Bevin*

Plaintiff sues Defendants Anderson and Bevin in their official capacities only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Defendants are employees of the Commonwealth of Kentucky. Claims brought against state officials or employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against Defendants Anderson and Bevin for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from defendants who are immune from such relief.

However, "[s]overeign immunity does not apply to official-capacity actions seeking prospective injunctive relief." *Stevens v. Mich. Dep't of Corr.*, No. 17-1983, 2018 U.S. App. LEXIS 9279, *14 (Apr. 12, 2018) (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)). With

regard to Plaintiff's claim for injunctive relief, he seeks a Court order to "cease and desist the constitutional violations caused upon my person (past/present/future) by Louisville Metro Police Department, and any and all official authority it is subordinate to."  However, Plaintiff's claim for prospective injunctive relief – to order Defendants to "cease and desist the constitutional violations caused upon me" in the future – must be denied.  Any threat of future constitutional violations is speculative and at this time merely hypothetical, which is insufficient to warrant injunctive relief.  *See O'Shea v. Littleton*, 414 U.S. 488, 494-96 (1974).

Plaintiff also seeks the firing of Defendant Healey from LMPD.  The Court does not have the authority to grant this type of relief under § 1983.  *See, e.g.*, *Theriot v. Woods*, No. 2:09-cv-199, 2010 U.S. Dist. LEXIS 14253, at *10-11 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); *Ross v. Reed*, No. 1:13-cv-143, 2013 U.S. Dist. LEXIS 44697, at *5-6 (S.D. Ohio Mar. 5, 2013) ("The Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees."); *Leek v. Thomas*, No. 09-3036-SAC, 2009 U.S. Dist. LEXIS 39406, at *9 (D. Kan. May 8, 2009) ("[P]laintiff's requests for disciplinary action against defendants and for defendants to be fired from their State employment are beyond the authority of this court and therefore are not proper requests for relief in this action.").

Therefore, all claims against Defendants Anderson and Bevin in their official capacities will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from a defendant who is immune from such relief.

**B. Municipal defendants**

Plaintiff sues Defendants LMPD, the "Louisville, Jefferson Co. Metro Gov.," and Healey and Conrad in their official capacities. LMPD is not a "person" subject to suit under § 1983 because municipal departments, such as police departments, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Louisville Metro Government is the proper defendant. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502. 503 (W.D. Ky. 1990). The Court therefore will construe the claim against LMPD as a claim brought against Louisville Metro Government.

Moreover, as stated above, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 165 (quoting *Monell*, 436 U.S. at 690 n.55). Therefore, the Court construes Plaintiff's official-capacity claims against Healey and Conrad as brought against their employer, Louisville Metro Government.

Accordingly, upon review, the Court finds that Plaintiff's claims against Defendant LMPD, "Louisville, Jefferson Co. Metro Gov.," and Healey and Conrad in their official capacities are actually claims against Louisville Metro Government. The Court will direct the Clerk of Court to substitute Louisville Metro Government for Defendant "Louisville, Jefferson Co. Metro Gov." in the docket sheet.

The claims against Defendants LMPD and Healey and Conrad in their official capacities will be dismissed as redundant to the continuing claim against Louisville Metro Government. *See Smith v. Brevard Cty.*, 461 F. Supp. 2d 1243, 1251 (M.D. Fla. 2006) (dismissing claims

against individuals sued in their official capacity as redundant where their employer was also named as a defendant); *Smith v. Bd. of Cty. Comm'rs of Cty. of Lyon*, 216 F. Supp. 2d 1209, 1219-20 (D. Kan. 2002) (dismissing the claim against the sheriff sued only in his official capacity as redundant since the governmental entity of which he was an officer or agent was also a defendant in the action).

**C. Individuals not named as Defendants**

In the portion of the complaint form where Defendants are to be listed, Plaintiff lists Andy Beshear, whom he identifies as the District Attorney of the Commonwealth of Kentucky; Thomas Wine, identified as the Commonwealth Attorney for the 30th Judicial Circuit Court; and John Balenovich and Josh Porter, identified as Assistant Commonwealth Attorneys for the 30th Judicial Circuit Court. However, these four individuals are not named as Defendants in the title of the complaint.

According to Rule 10(a) of the Federal Rules of Civil Procedure, "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint **must name all the parties**; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." (emphasis added). Because Beshear, Wine, Balenovich, and Porter are not named in the title or caption of the complaint, they are not properly named defendants and are not parties to this action.

However, even if they had been listed as Defendants in the title of the complaint, Plaintiff's claims against these individuals would still fail. Plaintiff states no personal involvement in the events giving rise to this action by Beshear or Wine. It is evident from the complaint that he seeks to hold them liable as representatives of the Commonwealth of Kentucky for the actions of other actors. The doctrine of *respondeat superior*, or the right to control

employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

The complaint fails to demonstrate that Beshear or Wine encouraged any specific incidents or implicitly authorized, approved, or knowingly acquiesced in any unconstitutional conduct. Accordingly, had Plaintiff named Beshear or Wine as Defendants in the complaint, the claims against them would have been dismissed.

Likewise, Plaintiff's claims against Balenovich and Josh Porter would have also failed. Prosecutors are entitled to "absolute immunity from civil liability related to their performance of 'prosecutorial' functions.'" *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)). "Functions that serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits." *Id*. (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Meanwhile, functions which are more 'investigative' or 'administrative' in nature, because they are more removed from the judicial process, are subject only to qualified immunity." *Id*.

11

(quoting *Burns v. Reed*, 500 U.S. at 486). "As the line of absolute-immunity cases make clear . . . a prosecutor's allegedly improper motive alone is not enough to defeat absolute immunity, so long as the general nature of his actions falls within the scope of his duties as an advocate for the state." *Cady v. Arenac Cty.*, 574 F.3d 334, 341 (6th Cir. 2009). Therefore, prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *See, e.g.*, *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that the prosecutor was absolutely immune from suit for allegedly conspiring to present false charges to the grand jury); s*ee also Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997) ("A prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer fall squarely within the aegis of absolute prosecutorial immunity."). Courts also have held that "plea bargains are 'so intimately associated with the prosecutor's role as an advocate of the State in the judicial process as to warrant absolute immunity.'" *Rouse v. Stacy*, 478 F. App'x 945, 951 (6th Cir. 2012) (quoting *Cady v. Arenac Cty.*, 574 F.3d at 341); *Taylor v. Kavanagh*, 492 F. Supp. 386, 390 (S.D.N.Y. 1980).

Therefore, had Plaintiff named Balenovich or Porter as Defendants in the complaint, the claims against them would have been barred by prosecutorial immunity.

### D. Legal claims

#### 1. Fourth Amendment claims

Plaintiff alleges a violation of the Fourth Amendment based on his allegations that LMPD detectives "illegally searched my residence without a legal search warrant, and illegally seized my papers and property." The search and seizure occurred on August 21, 2013. Section 1983 does not contain its own statute of limitations period, but it is well settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of

limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citing *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks and citations omitted)). A claim of unlawful search and seizure under the Fourth Amendment accrues at the time of the alleged search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008) ("Harper's claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure."); *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008) ("[T]he statute of limitations on Michel's Fourth Amendment claims began to run from the search on November 23, 2004.").

In the case at bar, the one-year statute of limitations on Plaintiff's Fourth Amendment claim for illegal search and seizure accrued on August 21, 2013, the date of the alleged search and seizure. The limitations period, therefore, expired one year later on August 21, 2014.

Because the complaint was not filed until January 9, 2018, over three years after the expiration of the limitations period, it is obvious on the face of the complaint that Plaintiff's Fourth Amendment claim for illegal search and seizure is untimely and must be dismissed as frivolous.

In addition, Plaintiff also asserts claims for wrongful arrest and false imprisonment, which he also calls unlawful imprisonment. "[A] claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox v. DeSoto*, 489 F.3d at 233 (citing *Wallace*, 549 U.S. at 388). Analogously, a false imprisonment claim accrues "once the victim becomes held pursuant to [legal] process--when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 389. Plaintiff's statute of limitations on these claims began to run on the date of his arrest, or at the latest on the date when Plaintiff was arraigned, which presumably was just a matter of days later. The statute of limitations, therefore, expired on or about August 21, 2014, and Plaintiff's claims for wrongful arrest and false imprisonment are also time-barred and must be dismissed as frivolous.

Plaintiff also alleges a claim of malicious prosecution. <u>Upon review of the complaint, the Court will allow Plaintiff's malicious prosecution claim to proceed against Defendant Healey in his individual capacity and against Defendant Louisville Metro Government</u>.

### *2. Eighth Amendment claims*

Plaintiff also alleges a violation of the Eighth Amendment. As grounds for this claim, Plaintiff states, "I was subjected to being incarcerated for '527' days, no bail reduction was given, and no work release was granted." He asserts that Defendant Healey, as well as non-Defendant prosecutors "maliciously prosecuted the case, threatening me, trying to get me to give/inform detectives of valuable information, which led to the '527' days I sat unlawfully imprisoned, and maliciously prosecuted, because I would not become an informant."

"The Eighth Amendment prohibits the imposition of 'cruel and unusual punishments' upon prisoners." *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting U.S. Const. amend. VIII). It protects convicted prisoners from the "unnecessary and wanton infliction of pain." U.S. Const. amend. VIII. To the extent that Plaintiff was a pre-trial detainee and not a convicted inmate at the time of the events alleged in the complaint, state pre-trial detainees are protected from cruel and unusual punishments by the Fourteenth Amendment's due process clause. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (footnote and citations omitted).

However, nowhere in the complaint does Plaintiff allege that he was subjected to cruel and unusual punishment during his incarceration, *e.g.*, that he was subjected to excessive force or deprived of basic human needs. Therefore, Plaintiff fails to state a claim under the Eighth Amendment, and the claim must be dismissed.

### 3. *Fourteenth Amendment claims*

Plaintiff also alleges a violation of the Fourteenth Amendment based on allegations that Defendants were "involved in the malicious prosecution and civil rights violation of my person. On the above date LMPD detectives illegally seized my person and property, depriving me of life, liberty, and property as if I were wrongfully convicted." The stated grounds for his Fourteenth Amendment claim are actually allegations which would support a Fourth Amendment claim. To the extent that he is alleging a Fourteenth Amendment claim based on the deprivation of his personal property, that claim is addressed below.

### 4. *"Theft by unlawful taking" claims*

Plaintiff further claims that at the time of his arrest, Defendant Healey "physically took $10,000 from my pockets during a search of my home, and did not list the money in none of the investigation reports." He reports that he also had $10,000 and other personal property taken

from his inside his home. He states, "I had $11,725.00 out of the $20,000.00 seized retuned to me . . . .Their is no record of the missing $8,275.00!" He also states that jewelry and personal property were not returned to him.

These allegations could support a Fourteenth Amendment claim for violation of the Due Process Clause or a claim under the Fifth Amendment's Takings Clause. However, the Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds, Daniels v. Williams*, 474 U.S. (1986). In order to assert a claim for deprivation of property without due process pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the state post deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543-44. The law of this circuit is in accord. The Sixth Circuit held that "[i]n § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). The same rationale applies to claims under the Fifth Amendment's Takings Clause. A complaining party cannot assert a claim under the Takings Clause absent a showing that available remedies have been pursued and have failed to provide adequate compensation. *Hudson v. Palmer*, 468 U.S. at 539 (O'Connor, J., concurring). Plaintiff makes no such showing here.

Accordingly, Plaintiff's claims concerning the deprivation of his personal property under the Fourteenth Amendment's Due Process Clause and/or the Fifth Amendment's Takings Clause must be dismissed for failure to state a claim upon which relief may be granted.

### 5. *Conspiracy claims*

In addition to his seven enumerated claims, Plaintiff also alleges that Defendants engaged in a conspiracy to violate his constitutional rights. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). A conspiracy will exist under § 1983 when there is "an agreement between two or more persons to injure another by unlawful action." *Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). To establish a civil conspiracy claim, a plaintiff must show that (1) a "single plan" existed; (2) the defendants "shared in the general conspiratorial objective" to deprive plaintiff of his constitutional or federal statutory rights; and (3) an "overt act was committed in furtherance of the conspiracy that caused injury" to the plaintiffs. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985); *see also Trans Rail Am., Inc. v. Hubbard Twp.*, 478 F. App'x 986, 988 (6th Cir. 2011). Moreover, the "pleading requirements governing civil conspiracies are relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).

Plaintiff has failed to satisfy the pleading requirements for a conspiracy claim. "Being involved in some aspects of a case . . . does not . . . automatically demonstrate that the parties had a mutual agreement, shared plan or engaged in any joint action." *Allen v. Clark*, No. 1:13cv326, 2014 U.S. Dist. LEXIS 90807, at *26 (S.D. Ohio July 3, 2014). Nowhere in Plaintiff's complaint does he plead the "specifics" of any alleged conspiracy such as "when,

where, or how the defendants conspired." *Perry v. Se. Boll Weevil Eradication Found., Inc.*, 154 F. App'x 467, 477 (6th Cir. 2005). Plaintiff's allegations of a conspiracy are conclusory and do not survive initial review. Therefore, Plaintiff's conspiracy claims will be dismissed for failure to state a claim.

## IV. CONCLUSION AND ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against Defendant Commonwealth of Kentucky and official-capacity claims against Defendants Anderson and Bevin are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from defendants immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant LMPD and his official-capacity claims against Defendants Healey and Conrad are **DISMISSED** as redundant to Plaintiff's continuing claim against Louisville Metro Government.

**The Clerk of Court is DIRECTED to substitute Louisville Metro Government for Defendant "Louisville, Jefferson Co. Metro Gov." in the docket sheet.**

**IT IS FURTHER ORDERED** that Plaintiff's Fourth Amendment claims for illegal search and seizure, wrongful arrest, and false imprisonment are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous.

**IT IS FURTHER ORDERED** that Plaintiff's claims under the Fifth Amendment, Eighth Amendment, and Fourteenth Amendment are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**The Clerk of Court is DIRECTED to terminate Defendants Commonwealth of Kentucky, Anderson, Bevin, LMPD, and Conrad as parties to this action.**

The Court will enter a separate Order directing service on Defendants Healey and Louisville Metro Government concerning Plaintiff's malicious prosecution claim, which will proceed for further development.

Date:  July 2, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
  Defendants
  Jefferson County Attorney
4411.010