# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

ANTONIO D. SANDERSON                              PLAINTIFF

v.                                          CIVIL ACTION NO. 3:18CV-P35-CRS

DETECTIVE STEVEN HENRY *et al.*                    DEFENDANTS

## MEMORANDUM OPINION

       Plaintiff Antonio D. Sanderson was a prisoner at the time he filed this *pro se* 42 U.S.C. § 1983 action. He later filed a notice of change of address indicating that he had been released from incarceration (DN 8). Where an inmate has incurred a filing-fee debt to the court and is subsequently released from incarceration, he may seek *in forma pauperis* status. *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The released inmate is then absolved of his remaining financial liability as to those fees and costs. *Id.* The Court entered an Order on June 28, 2018, ordering Plaintiff to either pay the $126.77 balance of the filing to the Clerk of Court or to file a non-prisoner application to proceed without prepayment of fees within 30 days of entry of the Order (DN 9). The Order warned Plaintiff that failure to comply within 30 days would result in dismissal of this action.

       Well over 30 days have passed, and Plaintiff failed to comply with the Court's Order. Moreover, on June 28, 2018, Defendants filed a motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff failed to file a response to the motion, even though the time for filing a response has now expired. Nor has Plaintiff taken any other action in this case.

       Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the

plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's prior Order and failure to file a response to Defendants' motion to dismiss show a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date: September 6, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Counsel of record
4411.010