UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANTONIO D. SANDERSON                                    PLAINTIFF

vs.                                    CIVIL ACTION NO. 3:18-CV-35-CRS

DETECTIVE STEVEN HEALEY, et al.                        DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

 This matter is before the Court on remand from the United States Court of Appeals for the Sixth Circuit (DN 24), for consideration of the limited issue of whether Plaintiff Antonio D. Sanderson, proceeding *pro se*, is entitled to a reopening of the time to file an appeal. For the following reasons, the Court finds that reopening the time to file an appeal is not merited.

 The Court dismissed this civil rights action for failure to prosecute on September 5, 2018. DNs 15, 16. Plaintiff filed a motion in October 2022 (DN 17) asking the Court "to put the above case back on the docket" or "to place a moratorium/status quo on the case until I'm release[d] to continue forward with it." DN 17-1. The Court construed the motion as one to reopen the case and entered an order denying the motion on November 28, 2022. DN 18.

 On January 24, 2023, Plaintiff filed a notice of appeal dated January 13, 2023. DN 19. Upon initial review of the notice of appeal, the Sixth Circuit determined that the notice of appeal of the November order was late but remanded the case "for consideration of whether Sanderson's time for filing a notice of appeal should be extended as to the district court's November 28, 2022, order." DN 24. The Sixth Circuit opined that "'district courts must liberally construe a document that could reasonably be interpreted as a . . . motion to reopen the time to file an appeal,' *Young v. Kenney*, 949 F.3d 995, 997 (6th Cir. 2020) (per curiam)." *Id.*

The Court will construe Plaintiff's notice of appeal (DN 19) as a motion to reopen the time to file an appeal.  Plaintiffs notice of appeal stated that he "did not receive timely and/or proper notice" of the November 2022 order.  DN 19.  On April 18, 2023, the Court entered an order requiring Plaintiff to supplement his motion within thirty days: "to provide the date that he received the Court's November 28, 2022, Order and to indicate the date that he presented the notice of appeal to prison officials."  DN 27.  The Court required that Plaintiff's supplement "be signed under the penalty of perjury."  *Id.*

Plaintiff filed a response dated May 23, 2023, which is not signed under penalty of perjury. DN 29.  Plaintiff states in the response: "To my knowledge, Plaintiff received Notice of the Court's November 28, 2022 Order on December 4th, 5th, or 6th, 2022 and Plaintiff presented the notice of appeal to Jail officials for mailing on . . . Jan 13, 2023."  *Id.*  Plaintiff states that he spoke with the prison mail room staff to ascertain the date the mail room received the November 2022 order and the January 2023 notice of appeal, but Plaintiff did not obtain a response.  *Id.*  Defendants responded, arguing Plaintiff was not entitled to a reopening of the time to file an appeal.  DN 30.

> Federal Rule of Appellate Procedure 4(a)(6) provides:
>
> The district court may reopen the time to file an appeal . . . but only if all of the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered . . .; and
>
> (C) the court finds that no party would be prejudiced.

*See also* 28 U.S.C. § 2107(c) (same).

Plaintiff believes that the latest date that he may have received the November 28, 2022, order was December 6th, 2022.  DN 29.  Thus, Plaintiff received notice within 21 days after entry

2

of the order he seeks to appeal.  Thus, the Court finds that the condition required by Fed. R. App. P. 4(a)(6)(A) is not satisfied.  *See also* 28 U.S.C. § 2107(c)(1) (same).  Therefore, all conditions of Fed. R. App. P. 4(a)(6) are not met.  The Court concludes that a reopening of the appeal period under Fed. R. App. P. 4(a)(6) is not merited.

Based upon the foregoing, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.     Pursuant to the directive of the Sixth Circuit Court of Appeals remanding this case, the court **FINDS** that the time for filing a notice of appeal as to the November 28, 2022, order should not be extended.

2.      Plaintiff Antonio D. Sanderson's notice of appeal (DN 19) is construed as a motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6), and said motion is **DENIED.**

3.     The Clerk is **DIRECTED** to return this case, as supplemented, to the Sixth Circuit Court of Appeals for further proceedings.

June 26, 2023

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Counsel of Record
        United States Court of Appeals for the Sixth Circuit, No. 23-5077

3